IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SKEETS DOLPHUS,

      Petitioner,                      No. CIV-S-12-0364 GEB GGH P

   vs.

UNITED STATES OF AMERICA, et al.

      Respondents.           ORDER AND

_____/   FINDINGS AND RECOMMENDATIONS

        This is a petition made pursuant to 28 U.S.C. § 2241 to void a criminal judgment. For the reasons that follow, the petition should be summarily dismissed.

        Petitioner appears to allege that he is a federal prisoner illegally detained because 18 U.S.C. § 3231 was not validly passed by Congress in 1948, because the House of Representatives did not have a quorum present for its vote on the Senate's amended version of the bill.[1] See Doc. No. 1 at 8, 16. He seeks to void his criminal judgment under 28 U.S.C. § 2241 and Federal Rule of Civil Procedure 60(b)(4), as well as the judgments of other similarly situated prisoners using the class action format of Federal Rule of Civil Procedure 23. The

---

[1] 18 U.S.C. § 3231 reads, in relevant part, that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the court of the States, of all offenses against the laws of the United States."

1

petition does not provide any details of petitioner's own conviction and sentence, reading instead that petitioner "was charged with crimes over which the court had no jurisdiction." See Doc. No. 1 at 11.[2]

Generally, motions to contest the legality of a sentence must be filed under 28 U.S.C. § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to 28 U.S.C. § 2241 in the custodial court. See Hernandez v. Campell, 204 F.3d 861, 864 (9th Cir. 2000). One exception to this general rule arises under the savings clause of § 2255: where a federal prisoner's remedy under § 2255 is "inadequate or ineffective to test the legality of his detention," a federal prisoner may file a habeas petition pursuant to § 2241 to contest the legality of his sentence. Id. at 864-65. Petitioner in this case alleges that his sentence is void because the sentencing court lacked jurisdiction to enter it, which allegation represents a clear challenge to the legality of the sentence falling squarely within the scope of a motion to vacate under 28 U.S.C. § 2255:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence....may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

Plaintiff does not explain or otherwise provide any information about why he chose to file a petition under 28 U.S.C. § 2241 in the custodial court, rather than a motion under 28 U.S.C. § 2255 in his sentencing court. In light of the availability of a remedy under § 2255, this court finds that the savings clause does not apply and that it lacks jurisdiction to adjudicate plaintiff's

---

[2] The court has independently determined that petitioner was convicted by jury in the District of South Dakota in March 2009 for violation of 21 U.S.C. §§ 841(a)(1) and 846, conspiracy to distribute methamphetamine, and that he subsequently pled guilty to violation of 18 U.S.C. §§ 1153 and 113(a)(3), assault with a dangerous weapon. Petitioner was sentenced in October 2009 to 151 months on the conspiracy conviction, and 41 months on the assault conviction, with the terms to run consecutive to one another. See United States District Court for the District of South Dakota, Docket Nos. 08-cr-30039 and 09-cr-30014.

§ 2241 petition.  See Hernandez v. Campell, 204 F.3d at 865.

In addition, the plaintiff additionally seeks to vacate his criminal conviction under Rule 60.  Rule 60 is a federal rule of CIVIL procedure, and may not be used to collaterally attack criminal judgments.  See Fed. R. Civ. P. 1 (stating that "these rules govern the procedure....in all suits of a civil nature"); United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998) ("Rule 60(b) simply does not provide for relief from judgment in a criminal case....").

Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  In the instant case, it is plain from the petition and appended exhibits that this court lacks jurisdiction to adjudicate the petition.  Therefore, the petition should be summarily dismissed.

Because the petition presents no basis for relief, the court does not address petitioner's related requests to maintain this petition as a class action and to appoint counsel for the class.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to serve a copy of the petition filed in this case together with a copy of these findings and recommendations on the United States Attorneys for the Eastern District of California and the District of South Dakota, and

IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be summarily dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  Petitioner is advised that failure to file

1 | objections within the specified time may waive the right to appeal the District Court's order.
2 | <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3 | DATED: March 12, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

ggh:rb
dolp0364.156b